JOHN WELCH *vs.* BENJAMIN H. ANDREWS.

A. gave a bond to B., engaging to convey to him certain real estate, on his paying A. $5000 in three years, with yearly interest, and agreeing that B. might enter upon the estate, and retain possession thereof, so long as the bond should remain in force, without any charge for rent: B. entered and remained in possession three years, paid the first two years' interest on $5000, and then surrendered the estate to A. without paying the third year's interest. *Held,* that A. could not recover of B. pay for the use and occupation of the estate during the third year.

ASSUMPSIT for money had and received, and on an account annexed to the writ. This account was for " rents received," by the defendant, " from tenants of the plaintiff's houses in the north part of Boston, say $450."

This case was submitted to the court on the following statement of facts : The plaintiff, on the 9th of May 1839, in consideration of certain services, estimated at $300 and upwards, performed for him by Charles McIntire, executed and

delivered to said McIntire a bond, in the penal sum of $8000. The condition of this bond — after reciting that the plaintiff had received deeds of certain real estate in Boston, and had agreed to convey the same estate to said McIntire, on certain terms — was in these words: "Now, if the said McIntire, his heirs, executors, administrators or assigns, shall, within three years from the date hereof, pay said Welch the sum of $5000, with interest annually, (first deducting, however, therefrom all sums of money which may be due on certain mortgages now existing on the premises,) then this obligation shall be void; otherwise, remain in full force: It being, however, understood and agreed, that said McIntire, or his assigns, may enter and retain possession of the premises, without any charge for rent, so long as this obligation remains in force; and that said McIntire, or his assigns, may pay the interest on said mortgages, as it falls due, to the party entitled thereto; and such payment shall be deducted from the interest payable on the $5000, as above set forth." On the 19th of October 1839, the said McIntire assigned the said bond to the defendant, for a valuable consideration; and the plaintiff afterwards gave a bond to the defendant, *dated* May 9th 1839, in the penal sum of $8000. The condition of this bond was the same as that of the foregoing bond, (substituting the name of the defendant for that of McIntire,) with this addition, viz. that upon the payment, by the defendant, or his representatives or assigns, of the sum of $5000, &c. "said Welch shall thereupon convey to said Andrews, his heirs or assigns, by a good and sufficient deed of quitclaim," the said real estate. To this last bond was affixed the following memorandum of agreement: "It is expressly understood, that in case the annual interest within stipulated for shall not be paid within thirty days after it shall become due to said Welch, and if the principal sum of $5000 shall not be paid within thirty days after the expiration of said three years, all rights and claims of the obligee or his assigns, under this bond, shall cease and determine. B. H. Andrews.

John Welch."

The defendant, by his agent, received the rent of the said premises, (amounting to about the interest on $5000,) during the three years, and no longer, and he paid to the plaintiff the first two years' interest; but, at the expiration of the third year, and for thirty days after, he failed and refused to pay that year's interest, and the principal sum of $5000; and the said interest and principal are still unpaid. The defendant, at the expiration of three years from the date of the bond, and before the expiration of the thirty days above mentioned, surrendered the premises to the plaintiff, and notified to him that he should not take them, and that he claimed no further interest or estate therein.

The "premises" mentioned in the condition of the plaintiff's bond, and which were surrendered to him by the defendant, as above stated, were the "houses" referred to in the plaintiff's account annexed to his writ.

The plaintiff, before the commencement of this action, demanded of the defendant payment of said interest or rent.

Judgment to be rendered for the plaintiff, or he to become nonsuit, according to the opinion of the court on the foregoing facts.

*H. H. Fuller & Andrew*, for the plaintiff.

*H. W. Fuller*, for the defendant.

DEWEY, J. The plaintiff does not claim to recover upon any express contract to pay him rent, but relies upon the implied assumpsit arising from the use and occupation by the defendant, and his receipt of rent from tenants occupying under him, connected with the circumstances shown in the case, under which this occupation and taking of the rents were enjoyed by him.

The plaintiff gave a bond, in the penal sum of eight thousand dollars, to Charles McIntire, with whose interest the defendant was subsequently connected as assignee, to convey certain real estate to said McIntire, at any time within three years from the date of the bond, upon payment of five thousand dollars and interest annually; it being agreed that the said McIntire, or his assignees, might enter upon and retain

possession of the said premises, without any charge for rent. Subsequently, said McIntire assigned this bond to the defendant, after which the plaintiff executed and delivered to the defendant the bond set forth in the case. The defendant paid the annual interest for two years, but no longer. In consequence of the nonpayment of the third year's interest, and the principal within three years, this bond ceased to be obligatory on the plaintiff; and the defendant, after three years, abandoned all right to the future possession of the premises. The result has been, that the defendant has enjoyed the beneficial use of the premises for the term of three years, but the plaintiff has received his annual interest for only two years. This state of things seems, at the first view, to present a meritorious claim on the part of the plaintiff; and this ground is strongly urged, as furnishing sufficient reason for charging the defendant, upon an implied assumpsit, for the use and occupation during the third year. But it is to be borne in mind that the entry and occupation of the premises by the defendant were under a written contract, and that the rights of the parties are to be regulated by its terms. By the contract it was stipulated that the defendant should enter upon and retain possession of the premises, " without any charge for rent." This express contract necessarily excludes any implication of such a promise as would ordinarily arise, from the use by one man of the real estate of another, to pay a reasonable rent therefor. McIntire, whose assignee the defendant is, paid a valuable consideration for this contract. The main and leading object of the contract was, to acquire the right to purchase the premises at any time during the period of three years. This right the plaintiff gave him, upon the condition that the plaintiff should be paid the annual interest on the sum to be paid as purchase money, and the principal sum within three years. But it is equally a part of this contract, that the defendant should have the use of the premises without any charge for rent. It is so declared in the bond. The parties doubtless looked to the result of a transfer of the estate to the defendant, upon the terms of the bond, viz. the payment of annual interest on the

five thousand dollars, and the payment of the five thousand dollars in three years; in which event, it may be presumed the plaintiff would have made no claim for rent. The defendant's assignor had paid $300 and upwards for the privilege secured to him by the bond; and the plaintiff might well anticipate that the defendant would avail himself of his right to purchase the premises, by complying with the conditions of sale. There may have been an omission to stipulate for this contingency, as the plaintiff would have required the defendant to do, if he had foreseen this result. But that will not avail the plaintiff, if he has, by his written contract, given the defendant the right to enjoy the use of the premises free of rent.

The plaintiff insists that however this may have been under the contract originally made with McIntire, yet that by force of the memorandum appended to the new agreement made with the defendant — in which it was stipulated that in case the annual interest contracted for in the bond should not be paid within thirty days after the same should become due, or the principal sum of five thousand dollars should remain unpaid for thirty days after the expiration of the said three years, then all rights and claims of the obligee, or his assignee, under said bond, should cease and determine — the liability to pay rent for the third year may arise? The position taken by the plaintiff is, that the right to enjoy the premises free of rent was conditional, depending upon the payment of the annual interest within thirty days after the same became due, and the principal sum of five thousand dollars within thirty days after the expiration of three years from the date of the bond; and that, upon failure to perform this condition, the party lost the benefit of the stipulation that he was to enjoy the premises free from any charge for rent. We think this construction of the clause found in the memorandum is not sound, nor warranted by the language of it. The provision, that upon failure to pay as above stated, " all rights and claims of the obligee shall cease and determine," has no reference to the past, but is wholly prospective, or at least is applicable merely

to the present time. It determines all right of the defendant to require the plaintiff to make the conveyance of his estate as stipulated, and it also determines all right to the future use and occupation of the premises; and this is its whole effect; leaving the parties, as to the past, to adjust their respective claims agreeably to the stipulations in the bond.

The plaintiff, therefore, cannot maintain his action upon the implied assumpsit, and is not entitled to judgment against the defendant, for the use and occupation of the premises for the third year.

*Plaintiff nonsuit.*